## W. R. GRACE & CO. v. FRANK WATERHOUSE & CO., Inc.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920.)

No. 3402.

1. **Evidence** ⬅448—**Parol evidence admissible to explain ambiguity and show circumstances of execution of contract.**

Conceding that stipulated facts which took the place of evidence were incompetent to vary the terms of a steamship bill of lading, facts which were not inconsistent with the terms of the bill of lading might be adverted to, to make clear what was not clear in the contract and to show the circumstances attending its execution.

2. **Shipping** ⬅112—**Bill of lading construed as to right of delivery to another carrier.**

A steamship bill of lading, providing for carriage of the goods to the port of San Francisco and for delivery "there" to order, or at the vessel's tackles to another carrier on the route to destination, if consigned beyond a port of call, and by the connecting carrier to be transported unto the port of San Francisco, did not restrict delivery to another carrier to such delivery at San Francisco, but, where San Francisco was not a port of call, authorized such delivery at another port.

3. **Shipping** ⬅112—**Bill of lading construed to authorize landing of goods for transshipment.**

A steamship bill of lading, providing for carriage to the port of San Francisco to be there delivered unto order or at the vessel's tackles to another carrier, and referring to a condition on the back thereof which provided that the goods might be transshipped at any port, and for that purpose might be put into or stored in hulk or craft, or landed, authorized the landing of the goods at Seattle for the purpose of transshipment to San Francisco, which was not a port of call.

4. **Shipping** ⬅106—**Bills of lading to be construed in light of contemplated adventure.**

Bills of lading are to be construed in the light of the nature and details of the adventure contemplated by the parties.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in admiralty by W. R. Grace & Co., a corporation, against Frank Waterhouse & Co., Incorporated. From a decree dismissing the libel, the libelant appeals. Affirmed.

The appellant appeals from a decree dismissing its libel in personam to recover damages for injury to merchandise caused by delay in the transportation thereof by the appellee from Hong Kong to San Francisco. The bills of lading acknowledged receipt of the goods "consigned and destined as indicated below for carriage from Hong Kong by steamship Kaifuku Maru. * * * To be carried by said steamer * * * to the port of San Francisco, * * * with liberty to proceed to stay at any port or ports in accordance with condition II on the back hereof, and to be there delivered at the vessel's tackles unto order or to his or their assigns (notify Messrs. W. R. Grace & Co.), or at vessel's tackles to another carrier on the route to destination, if consigned beyond a port of call, and by said connecting carrier to be transported * * * unto the port of San Francisco."

Condition II on the back of the bill of lading provides: "The steamers of this line are general traders carrying cargo between western United States ports and places to Chinese * * * and other Far Eastern ports and

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

places, and vice versa, and to and from ports or places within the limits of the said termini, and they have liberty before or after proceeding towards to port of destination mentioned herein to proceed to and stay at any ports or places within their said trading area in any order or rotation backwards and/or forwards, and notwithstanding that such ports may be out of or away from the route to or in a contrary direction to that of the port of discharge, it being agreed that all the before indicated ports or places are within the contemplated voyage, and that proceeding to or staying at or calling there shall under no circumstances be deemed a deviation. * * * On delivery from the ship's tackles the ship's responsibility shall cease. The goods may be transshipped at any port or ports, and for the purpose of transshipment may be put into or stored in hulk or craft or landed."

The merchandise was carried by the steamship from Hong Kong to Seattle, and was there discharged and placed in a warehouse. It was delayed there two months by a stevedores' strike, and when forwarded by the appellee to destination at San Francisco was found damaged as the result of the delay in Seattle in an amount stipulated to be $990.77.

Andros & Hengstler and Louis T. Hengstler, both of San Francisco, Cal., and Kerr & McCord, of Seattle, Wash., for appellant.

W. H. Bogle, F. T. Merritt, and Lawrence Bogle, all of Seattle, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The appellant contends that under the bills of lading it was the appellee's duty to carry the goods in the Kaifuku Maru directly to San Francisco, and that the discharge, detention, and transshipment thereof at Seattle constituted deviation and an abandonment of the contract, making the appellee the insurer of the safety of the goods. The cause was tried in the court below upon a stipulation of the facts. It was stipulated that the appellee was operating the steamship under charter between ports in the Orient and ports on Puget Sound; that it did not operate vessels from ports in the Orient to San Francisco, but that goods received by it at ports in the Orient destined for San Francisco were carried to the port of Seattle, and from there transshipped and forwarded to San Francisco by other vessels; that San Francisco was not a port of call for the Kaifuku Maru; that the consignor, at the time it delivered the goods to the appellee and received the bills of lading, knew that the steamship was sailing from Hong Kong to Seattle, and that Seattle was the final port of call on said voyage; that the vessel sailed direct to Seattle, and arrived there in due course; that the goods were thereupon discharged and placed in a warehouse for forwarding to destination; and that the delay in transshipment was wholly caused by a strike of stevedores at the port of Seattle. In the stipulation it was agreed "that the court may render its decision upon the facts herein stipulated." The court below found from the stipulated facts that the appellant knew that the appellee was operating the steamship from Hong Kong to Seattle, that the appellee exercised reasonable care and prudence in transshipping the goods at Seattle, and that the appellant was advised of the arrival of the goods at

Seattle and itself endeavored to find some means of forwarding the same.

[1] The appellant insists that the matter in controversy here must be determined solely by the terms of the contract, and that the stipulated facts, which took the place of evidence in the court below, are incompetent to vary the terms of the contract. Conceding this to be so, it is also true that the stipulated facts, which are not inconsistent with the terms of the bill of lading, may be adverted to, to make clear what is not clear in the contract, and to advise the court of the circumstances attending the execution thereof. The stipulated facts make it certain that San Francisco was "beyond a port of call" in the sense in which those words are used in the alternate clause of the bills of lading.

[2, 3] We think it is clear that that clause gave the carrier the privilege on arriving at Seattle to deliver the goods to another carrier "to be transported unto the port of San Francisco," and that condition II on the back of the bills of lading authorized the carrier to "land" the goods for the purpose of transshipment. We are unable to assent to the appellant's construction that the alternative clause refers only to delivery "there"—i. e., San Francisco—or that at the utmost the contract gave the appellee no more than the right to deliver the goods "at vessel's tackles" to another carrier en route to San Francisco.

[4] Bills of lading "are to be construed in the light of the nature and details of the adventure contemplated by the parties to them." Scrutton, Charter Parties and Bills of Lading, p. 10.

"The construction is to be made on a consideration of the whole instrument, and not on one or more clauses detached from the others; and therefore, where two clauses apparently repugnant may be reconciled by any reasonable construction, as by regarding one as a qualification of the other, that construction must be given because it cannot be assumed that the parties intended to insert inconsistent provisions." 4 R. C. L. 12.

In Pacific Coast Co. v. Yukon Independent Transp. Co., 155 Fed. 29, 83 C. C. A. 625, this court held that, in giving effect to the provisions of a bill of lading, the conditions and circumstances which the evidence proves were known to the parties and contemplated by them in making it are to be taken into consideration.

The decree is affirmed.